UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALE LEE WALKER,<br><br>Defendant. | Case No. 1:19-cr-00135-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Dale Lee Walker's Motion to Modify Payment Schedule (Dkt. 186). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In September 2019, Defendant Dale Walker pleaded guilty to theft of firearms. The Court sentenced him to 84 months' incarceration followed by three years of supervised release. *See Judgment,* Dkt. 124. Additionally, the Court ordered Walker to pay $166,301 in monetary penalties, consisting of a $100 special assessment, a $750 fine, and $165,541 in restitution. *See id.* The government says Walker has paid $2,759.40 of this amount.

Walker is incarcerated at Sheridan FCI, and his projected release date is June

5, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 9, 2024). He says that while the Bureau of Prisons (BOP) was initially deducting $25 a quarter from his inmate account, it later began deducting $300 per month. He says this has caused an "undue amount of stress and anxiety directly related to his financial obligation." *Motion,* Dkt. 186, at 1. He also says the increased payment has stressed his family members, who are his "primary source of income." *Id.* Walker reports earning $30 a month "through the education department at Sheridan FCI." *Id.* He asks the Court to order the Bureau of Prisons (BOP) to resume deducting $25 per quarter rather than continuing the $300 monthly deduction.

## ANALYSIS

The Court will deny this motion for three reasons. First, Walker is challenging the manner in which is sentence is executed. Such a challenge should be brought in the district where he is incarcerated—not here. *See Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (§ 2241 proper vehicle to challenge BOP's determination of amount and timing of fine payments); *Whitemore v. Ives*, No. S-09-1526 DAD P, 2011 WL 6032395, at *3 (E.D. Cal. Dec. 5, 2011) (collecting cases holding that § 2241 is proper vehicle to challenge prison's authority to collect restitution under the Inmate Financial Responsibility Program). Second, even assuming the Court could reach the merits of this motion, Walker fails to adequately support it. He did not put documents in

MEMORANDUM DECISION AND ORDER - 2

front of the Court that would flesh out and support his claim, including, for example, a ledger of his inmate account. Third, the motion fails on the merits in any event because the BOP, through the Inmate Financial Responsibility Plan (IFRP), may incentivize inmates to make larger payments than those called for in their judgments. *See generally United States v. Lemoine,* 546 F.3d 1042, 1047 (9th Cir. 2008). Here, it's not entirely clear whether Mr. Walker is participating in the IFRP program, but that would certainly appear to be the case, given the $300 monthly deductions discussed above. (Walker's judgment indicates that while incarcerated, he is to make a *minimum* payment of $25 per quarter. *See Judgment,* Dkt. 124.) As the Ninth Circuit explained in *United States v. Lemoine,* 546 F.3d 1042, 1047 (9th Cir. 2008), "an inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences." (citing 28 C.F.R. § 545.11(d), which enumerates consequences of refusing to participate in the IFRP). *Lemoine* further explained that "the BOP's operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments." *Id.* at 1046. And, more to the point here, *Lemoine* held that "nothing in the text of the statute or our prior decisions places any limits on the BOP's operation of an independent program, such as the IFRP, that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective

MEMORANDUM DECISION AND ORDER - 3

judgments." 546 F.3d at 1048 (citing 18 U.S.C. §§ 3663A, 3664). Here, Walker indicates he is receiving outside assistance from family members. BOP may take that outside assistance into account when calculating restitution payments, which it presumably did. *See United States v. Head*, No. 2:08-CR-093-KJM, 2023 WL 2938378, at *1–2 (E.D. Cal. Apr. 13, 2023), *aff'd,* No. 23-831, 2024 WL 841251 (9th Cir. Feb. 28, 2024).

For all these reasons, the Court will deny the pending motion. If, after exhausting his remedies through the IFRP program directly, Walker still wishes to challenge his restitution schedule, he may file a petition under 28 U.S.C. § 2241 in the district where he is being held. *See, e.g., Lemoine*, 546 F.3d at 1044.

## ORDER

**IT IS ORDERED that** Defendant Dale Lee Walker's Motion to Modify Payment Schedule (Dkt. 186) is **DENIED.**

DATED: October 9, 2024

_____
B. Lynn Winmill
U.S. District Court Judge