UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00135-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| DALE LEE WALKER, | |
| Defendant. | |

# INTRODUCTION

Before the Court is Defendant Dale Lee Walker's Motion for Compassionate Release as well as a related Motion for Counsel. *See* Dkts. 181, 182. For the reasons explained below, the Court will deny the motion for appointment of counsel and dismiss the motion for compassionate release.

# BACKGROUND

In September 2019, Defendant Dale Walker pleaded guilty to theft of firearms. The Court later sentenced him to 84 months' incarceration followed by three years of supervised release. *See Judgment,* Dkt. 124. Additionally, the Court ordered Walker to pay $166,301 in monetary penalties, consisting of a $100 special assessment, a $750 fine, and $165,541 in restitution. *See id.* Walker is incarcerated at Sheridan FCI, and his projected release date is June 5, 2025. *See*

https://www.bop.gov/inmateloc/ (last visited Oct. 25, 2024).

## LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (cleaned up). Congress provided one such exception in 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in some situations, which will be described further below. Before filing such a motion, however, defendants must exhaust their administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The court must then make three findings: (1) a reduced sentence is consistent with applicable policy statements issued by the U.S. Sentencing Commission; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). If any one of these factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. The defendant bears the burden of establishing these requirements by a preponderance. *See United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for

leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

The Sentencing Commission's policy statements at § 1B1.13 of the Sentencing Guidelines state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) any other circumstance or combination of circumstances that are "similar in gravity" to the four reasons just listed; or (6) a change in the law in cases where (a) the defendant received an "unusually long sentence," (b) the defendant has already served 10 years of that lengthy sentence; and (c) the change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. *See* U.S.S.G. § 1B1.13(b). As another court in this District recently noted, the catch-all clause at U.S.S.G. § 1B1.13(b)(5)—that is, the clause indicating that courts may find an extraordinary and compelling reason for other circumstances, or combination of circumstances, of similar gravity to those set forth in subsections (b)(1) through (4)—affords courts "significant leeway in defining precisely what qualifies as an extraordinary and compelling reason."

*United States v. Schmidt*, No. 4:19-cr-00371-DCN, 2024 WL 1158331, at *2 (D. Idaho Mar. 18, 2024). The policy statements also provide that before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id*. § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. Under recent amendments, however, § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) and to make U.S.S.G § 1B1.13 binding. *Accord Schmidt,* 2024 WL 115831, at *2.

## ANALYSIS

A.   **The Motion for Compassionate Release**

   **1. Exhaustion Requirement**

The Court must first decide whether Walker exhausted his administrative remedies. The government contends he did not—not because Walker failed to

MEMORANDUM DECISION AND ORDER - 4

request relief from the Bureau of Prisons, but because the request he submitted was inadequate. The sum total of Walker's efforts to exhaust his administrative remedies consist of a two-sentence request, which states: "I am requesting a compassionate release due to the punitive nature at Sheridan FCI. Also due to my mother being disabled and requiring care." *See June 12, 2023 Inmate Request to Staff, Ex. D to Mtn.*, Dkt. 181-5. The government says this is insufficient because it is lacking in detail and because Walker failed to comply with the procedural rules, which required him to include a release plan. *See Response,* Dkt. 188, at 3-4. Additionally, Walker adds new grounds for relief in his pending motion— including the Covid-19 pandemic and rehabilitation—that were not raised in the request he submitted to the BOP. Walker has not responded to these arguments, as he did not file a reply brief.

Under these circumstances, the Court finds that Walker failed to exhaust his administrative remedies. The two-sentence request described above did not allow BOP carefully or fully evaluate his claims, and, as noted, he did not comply with the procedural rules requiring him to submit a release plan. *See generally United States v. Rice,* 848 Fed. App'x 320 (9th Cir. 2021) (unpublished). Accordingly, the Court will dismiss this motion.

### 2. Extraordinary and Compelling Reasons

Even if Walker had properly exhausted his claims, he fails to establish

extraordinary and compelling reasons warranting release.[1] Walker advances two key arguments in this regard. First, he focuses on the conditions of confinement at FCI Sheridan. Second, he argues that his mother is disabled and that he is her only potential caregiver. *Id.*

Turning first to the conditions-of-confinement argument, significant portions of this argument are copied from a form motion filed by numerous FCI Sheridan inmates. Other judges confronting similar form motions have summarily denied them, explaining that such a motion fails to address how the situation "impacted [the defendant] personally and instead describes the conditions of confinement more generally.'" *United States v. Eccles,* No. CR14-5290 BHS, 2024 WL 83493, at *4 (W.D. Wash. Jan. 8, 2024) (citing *United States v. Slaughter*, No. CR13-359RSL, 2023 WL 5609339 (W.D. Wash. Aug. 30, 2023) (Lasnik, J.)). This Court reaches the same conclusion—the form motion fails to establish extraordinary and compelling circumstances absent evidence specific to the movant. *Id.*

Turning to the second argument, Walker argues that extraordinary and compelling circumstances are present because he is the only available caregiver for his mother, Nedra Phillips. Walker reports that Ms. Phillips' health is rapidly

---

[1] The Court will limit its discussion here to the two grounds raised in the inmate request form: (1) the "punitive nature" of Sheridan FCI; and (2) his mother's health.

degrading. Among other things, she is an amputee and needs help with daily activities, such as preparing meals, performing household chores, and driving to and from doctor appointments, including thrice-weekly dialysis appointments. *See Motion,* Dkt. 181, at 5.

Under Sentencing Guidelines § 1B1.13(b)(3)(C), extraordinary and compelling reasons may exist where a defendant's parent has become "incapacitated" and the defendant is the "only available caregiver for the parent." Walker relies on this newly amended portion of § 1B1.13(b) to argue that he has demonstrated extraordinary and compelling reasons warranting release. The problem is that the record does not clearly establish that Ms. Phillips is "incapacitated." To be sure, the record demonstrates that she suffers from a variety of very serious health conditions, and that she requires assistance getting to and from doctor appointments. But it's not clear that she qualifies as being "incapacitated." Moreover, even assuming she were, Walker has not established that he the only available caregiver. As the government points out, Ms. Phillips potentially has the support of her other son as well as her partner. From the records before the Court, it appears that Ms. Phillips' partner (and some friends) help her get to and from appointments. This point is made in a letter the Court received from Ms. Phillips. *See June 31, 2023 Letter,* Dkt. 189. In that letter, after describing her health conditions, Ms. Phillips indicates that she has "relied on my

**MEMORANDUM DECISION AND ORDER - 7**

partner who works full time and some help from my friends to help me get to my appointments since there is no way I can drive after I go to dialysis or on certain days if I'm not feeling well." *Id.* The medical records attached to this letter suggest that Ms. Phillips lives with her partner: A June 8, 2023 document from St. Joseph's Regional Medical Center, entitled "Patient Health Summary," states that Ms. Phillips "[l]ives with her husband." *June 8, 2023 Patient Health Summary*, Dkt. 189. While Ms. Phillips obviously would benefit from additional help, it does not appear that defendant is the only available caregiver. Accordingly, the Court finds that Walker has failed to demonstrate an extraordinary and compelling release under § 1B1.13(b). And because Walker's motion does not establish an extraordinary and compelling reason warranting release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court need not consider the § 3553(a) factors.

**B. The Motion for Counsel**

Finally, Walker asks the Court to appoint counsel to represent him as he pursues compassionate release. He says he is not skilled in the law and is thus unable to "argue with the government." *See Motion,* Dkt. 182. The Court will deny this request. A motion for compassionate release does not entail complex issues of law or fact that would prevent Defendant from proceeding without the assistance of counsel. Indeed, the requirements for compassionate release are set forth plainly in 18 U.S.C. § 3582(c)(1)(A). Although the Court is sympathetic to the fact that

incarcerated persons face certain added difficulties when representing themselves pro se, these circumstances do not warrant the appointment of counsel.

## ORDER

**IT IS ORDERED that**:

1. Defendant's Motion for Compassionate Release (Dkt. 181) is **DISMISSED**.

2. Defendant's Motion for Counsel (Dkt. 182) is **DENIED.**

DATED: October 25, 2024

B. Lynn Winmill
U.S. District Court Judge